## UNITED STATES v. SENFT.

(District Court, E. D. New York. February 23, 1921.)

Criminal law ⬡═225—Waiver of preliminary examination cannot be withdrawn.

A waiver of preliminary examination before a commissioner by an accused, with full knowledge and appreciation of his rights, will not be set aside by the court and an examination ordered.

Criminal prosecution by the United States against George Senft. On motion of defendant for an order directing a preliminary hearing before a commissioner. Denied.

Alexander S. Drescher, of Brooklyn, N. Y., for the motion.

Leroy W. Ross, U. S. Atty., of Brooklyn, N. Y., opposed.

GARVIN, District Judge. The defendant moves for an order directing the United States attorney and Hon. Henry S. Rasquin, United State commissioner to grant a hearing to the defendant, upon a charge of violating the National Prohibition Law (41 Stat. 305), upon which the defendant has been arrested, or in the alternative granting the defendant leave to file a petition for a mandamus, directed to said United States attorney and said United States commissioner, compelling them, or either or both of them to grant the defendant such a hearing. The record of proceedings before the commissioner shows that the defendant waived examination. That record contains the following:

"United States District Court, Eastern District of New York. The United States of America v. George Senft, 115 Columbia Street. Warrant to Apprehend. Return. Received this warrant on the 14th day of February, 1921, at Brooklyn, N. Y., and executed the same by arresting the within-named George Senft at Brooklyn on the 14th day of February, 1921, and have his body now in court, as within I am commanded. James M. Power, U. S. Marshal, Eastern District of New York, per Herbert Power, Deputy. 14th day of February, 1921.

"The within-named defendant, George Senft, arraigned before me the 14th day of February, 1921, and after being warned of his rights he pleaded not guilty and waived an examination and appeared subsequently and demanded an examination, which was refused. Bail fixed at $1,000.00. Bond returnable before District Court at 10 o'clock in the forenoon of the 2d day of March, 1921. Defendant having given bail is released to appear.

"Henry S. Rasquin, U. S. Commissioner."

---

⬡═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"By waiving the examination, either expressly or by implication, the accused is thereafter estopped to claim a discharge, because none was held, and his waiver may properly be regarded at his subsequent trial as a substantial equivalent for his examination and the finding of probable cause required by the statute." 12 Cyc. p. 307.

It is true that it appears that the defendant after waiving examination attempted to withdraw the waiver, and insisted upon his examination. The proceedings before the commissioner on February 14, 1921, do not indicate that there was any misunderstanding on the part of the defendant with regard to his rights and the court is not disposed, even if it has the power, to permit such proceedings to be set aside, unless it clearly appears that at the time of the waiving the conduct of the defendant was such as to raise serious doubt of his appreciation of the significance of the proceedings. The defendant is estopped from avoiding the consequences of his waiver.

Motion denied.